31 F.3d 1176
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Barbara E. CONKLIN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 94-3116.
 United States Court of Appeals, Federal Circuit.
 July 11, 1994.
 
 Before NIES, Circuit Judge, SKELTON, Senior Circuit Judge, and SCHALL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner, Barbara Conklin, filed a letter with this Court alleging that she did not understand the settlement agreement which the Navy and Conklin both signed. The Clerk treated this letter as a notice of appeal. The government argues that this Court is without jurisdiction and should dismiss the appeal. We agree with the government and dismiss the appeal.
 
 DISCUSSION
 
 2
 This Court has jurisdiction to hear appeals from final decisions of the Merit Systems Protection Board (Board) 28 U.S.C. Sec. 1295(a)(9) (1988) and may only review the record developed by the Board. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 3
 In this case, after the Navy terminated Conklin's employment, Conklin appealed her removal to the Board. In an initial decision, the Administrative Judge (AJ) reversed the decision to terminate Conklin,* which prompted the Navy to appeal the AJ's decision to the full Board. Prior to the full Board ruling upon the Navy's appeal, Conklin and the Navy entered into a settlement agreement. The agreement provided Conklin leave without pay for the time that she had been absent from work, backpay for a previous period of time, and cancellation of the termination. The parties also expressed their intent to incorporate the settlement agreement into the record for Board enforcement purposes. The Board reviewed the settlement agreement for obvious errors and finding none, incorporated the settlement agreement into the record for the purpose of establishing the Board's enforcement authority under 5 U.S.C. Sec. 1204(a)(2).**
 
 
 4
 Six days after the full Board acted, Conklin submitted a letter to this Court alleging either that she did not understand the agreement or that the Navy is not fulfilling its promises made in the settlement agreement.
 
 
 5
 As the government correctly noted, this Court may only hear appeals from final decisions of the Board. Conklin alleges in her letter to this Court that the Navy is not fulfilling promises made, but Conklin has not submitted these allegations to the Board so that the Board may use its authority to enforce the settlement agreement. Here, because Conklin has not yet brought these allegations to the Board, the Board has not made a record nor made a decision. Therefore, this Court lacks jurisdiction to entertain this petition because there is no Board decision to review on the matters raised by petitioner.
 
 
 6
 The petition is dismissed.
 
 
 
 *
 Conklin v. Navy, No. SE-0752-93-0235-I-1 (M.S.P.B. Aug. 16, 1993)
 
 
 **
 Conklin v. Navy, No. SE-0752-93-0235-I-1 (M.S.P.B. Dec. 2, 1993)